IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRACY STAPULA and MARC MORIN, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:24-cv-00410-SM-AJ |

**CONSENT DECREE**

I.   **INTRODUCTION**

The United States filed a Complaint in this action (the "Civil Action") on December 4, 2024, to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 to 3631 (the "Fair Housing Act"). The United States filed the Complaint on behalf of Complainant K.B., pursuant to 42 U.S.C. § 3612(o). The Complaint alleges that at all times relevant to the Complaint, Defendants Marc Morin ("Morin") and Tracy Stapula ("Stapula"), (together, "the Defendants"), managed the residential rental property owned by Stapula, located at 66 Blaine Street, #2, Manchester, New Hampshire (the "subject property"). The subject property is a dwelling within the meaning of 42 U.S.C. § 3602(b).

    1.    The Complaint alleges that the Defendants violated the Fair Housing Act by:

        a.  Discriminating in the terms, conditions or privileges of the rental of a dwelling on the basis of disability, in violation of 42 U.S.C. § 3604(f)(2);

        b.  Refusing to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford a person

1

   with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

  c. Intimidating and threatening K.B. on account of her exercise of her rights under 42 U.S.C. § 3604, in violation of 42 U.S.C. § 3617.

2. Specifically, the Complaint alleges that K.B. is a person with a disability[1] as defined by the Fair Housing Act, 42 U.S.C. § 3602(h), as she has been diagnosed with Major Depressive Disorder and Panic Disorder, and that those conditions substantially limit one or more major life activities including working, caring for herself, connecting with others, and leaving the house.

3. The Complaint further alleges that in April 2021, K.B. requested a reasonable accommodation to live with her assistance animal at the subject property. K.B. included with her request a letter from her treating therapist, a licensed clinical social worker, stating her diagnosis, her qualification as a person with a disability, and his opinion that the assistance animal would provide emotional support to assist with the management of her symptoms. The Defendants denied K.B.'s request for the accommodation and commenced eviction proceedings against K.B., sending her a total of three eviction notices from April 2021 to October 2021.

4. As required by the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), the Secretary of HUD investigated the complaint made by K.B., attempted conciliation without success, and prepared a final investigative report. Based on information gathered in the

---

[1] The Fair Housing Act uses the terms "handicap" or "handicapped" which are considered antiquated terms. This Complaint uses the terms "disability" or "disabled" instead. Those terms have the same meaning as the terms "handicap" or "handicapped," as defined in the Fair Housing Act.

2

investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred. On June 6, 2024, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination pursuant to 42 U.S.C. § 3610(g) and charged the Defendants with discrimination under the Fair Housing Act.

5. On June 26, 2024, Defendant Morin elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a). The Secretary subsequently authorized the Attorney General to file this Civil Action on behalf of aggrieved person, K.B., pursuant to 42 U.S.C. § 3612(o).

## II.   AGREEMENT

6. The Parties agree that the claims against Defendants should be resolved without further proceedings or a trial. This Consent Decree resolves the United States' claims against the Defendants in the Civil Action.

**It is hereby STIPULATED, ADJUDGED, and ORDERED, as follows:**

## III.   INJUNCTION

### A. General Injunction

7. Defendants, their officers, agents, employees, and all other persons or entities in active concert or participation with them, with respect to the rental of dwellings owned or managed by them, will not discriminate on the basis of disability as prohibited by the Fair Housing Act, and are hereby enjoined from:

   a. Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities connected

          with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

    b.    Refusing to make reasonable accommodations in rules, policies, practices,or services when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

    c.    Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

8. The Defendants have represented that they do not currently own, rent or manage any residential rental properties. If at any point during the effective dates of this Consent Order the Defendants acquire any ownership or management interest, in whole or in part, of any residential rental property, the Defendants must notify the United States in writing within ten (10) days of the acquisition of the address of the property and include a copy of the deed or other instrument showing the ownership of the property.

    **B. <u>Contingent Injunction</u>**

9. If Defendants acquire any ownership or management interest in any residential rental properties during the term of this Consent Decree, Paragraphs 10 through 17 shall apply at each such property within 30 days after the acquisition of Defendants' ownership or management:

10. Defendants shall adopt the reasonable accommodation policy set forth in Attachment A (the "Reasonable Accommodation Policy").

11.     The Reasonable Accommodation Policy, once adopted, shall supersede all existing policies, procedures, and resolutions concerning or affecting approval of reasonable accommodations.

12.     Defendants shall notify in writing each resident of the property of the adoption and implementation of the Reasonable Accommodation Policy. Notice shall be sent via first-class mail, postage prepaid, to each tenant of the property.

13.     Defendants shall post and prominently display the Reasonable Accommodation Policy in each and every location where activity related to the management or rental of dwellings occurs, including but not limited to the lobby or entrance of any multi-family building.

14.     Defendants shall apprise each of their employees, agents, and any other persons responsible for the rental of units of each person's obligations under this Consent Decree, including but not limited to the Reasonable Accommodation Policy, and under the Fair Housing Act, 42 U.S.C. §§ 3601-3631. Defendants shall furnish each such employee, agent, or other person with a copy of this Consent Decree. Each employee, agent, or other person covered by this paragraph shall sign a statement in the form of Attachment B acknowledging that he or she has received and read, and understands, the Consent Decree and its attachments, and declaring that he or she will perform his or her duties in accordance with this Consent Decree and the Fair Housing Act, 42 U.S.C. §§ 3601-3631.

15.     During the term of this Consent Decree, new employees or agents who have responsibility related to the management of or rental of units at the property shall be: (a) apprised of the contents of this Consent Decree, including but not limited to the Reasonable Accommodation Policy, and of their obligations under the Fair Housing Act, 42 U.S.C. §§

3601-3631, when their term, employment, or agency commences; (b) provided copies of this Consent Decree and the Reasonable Accommodation Policy; and (c) required to execute the statement contained in Attachment B no later than five (5) days following their first day of employment.

16.     Defendants shall post and prominently display at such place of business, including in any lobby or entrance of a multi-family building, a sign no smaller than 11 inches by 14 inches indicating that all units are available for lease or rental on a non-discriminatory basis. An 11-by-14-inch poster that comports with 24 C.F.R. Part 110 will satisfy this requirement. Defendants may use HUD Form 928, which is available online at https://www.hud.gov/sites/documents/928.1.pdf.

17.     Defendants shall ensure that any new advertising for rental units in newspapers, in telephone directories, on radio, on television, on the internet, or in other media, and any signs, pamphlets, brochures, or

other promotional literature include a Fair Housing logo, the phrase "Equal Housing Opportunity Provider," and/or the following sentences:

> We are an Equal Opportunity Housing Provider. We do not
> discriminate on the basis of race, color, national origin, religion,
> sex, familial status, or disability.

The words or logo should be prominently placed and easily legible.

### IV.    **REPORTING AND RECORD-KEEPING**

18.     During the term of this Consent Decree, Defendants shall notify and provide documentation to the United States of the following events within fourteen (14) days of their occurrence:

  a.    The training attended pursuant to Paragraph 20, including the certification

6

    required in Paragraph 21;

 b. Any change to any of Defendants' rules or practices affecting assistance/support animals at any residential rental property;

 c. Any denial by Defendants of a request by a tenant or prospective tenant to keep an assistance animal, including the resident's name, address, and telephone number, and the details of the request and the reason(s) for its denial;

 d. Any conditions proposed or imposed by Defendants on a tenant or prospective tenant who keeps or requests to keep an assistance animal, including the resident's name, address, and telephone number, and the details of the request and the reason(s) for any proposed conditions; and

 e. Any written complaint alleging disability discrimination in housing received by Defendants, including a copy of any written complaint, and the name, address, and telephone number of the complainant. Defendants shall also promptly provide the United States with information concerning resolution of the complaint.

19. During the term of this Consent Decree, Defendants shall preserve all records relating to their obligations under this Consent Decree. Representatives of the United States shall be permitted, upon providing reasonable notice to Defendants, to inspect and copy at reasonable times any and all records related to Defendants' obligations under this Decree.

## V. MANDATORY EDUCATION AND TRAINING

20. Within ninety (90) days of the entry of this Consent Decree, Defendants shall attend, at the Defendants' expense, a training program lasting at least two (2) hours regarding the Fair Housing Act, including its disability discrimination provisions. The training shall be

conducted by a qualified third party, approved by the United States, and unconnected to Defendants, their employees, agents, or counsel.

21. Defendants shall obtain from the trainer or training entity certificates of attendance signed by each individual who attended the training. The certificate shall include the name of the course, the date the course was taken, the subject matters covered in the course, and the length of the course and/or time within which the course was completed.

22. Within ninety (90) days of the entry of this consent decree, Defendants shall provide signed statements attesting that they have reviewed their obligations under the Fair Housing Act to ensure they do not discriminate against tenants and their family members with disabilities by reading guidance documents located at:

https://www.hud.gov/program_offices/fair_housing_equal_opp/fheo_guidance, including but not limited to FHEO Notice: FHEO-2020-01 Issued January 28, 2020, "Assessing a Person's Request to Have an Animal as a Reasonable Accommodation Under the Fair Housing Act," "Joint Statement from HUD And DOJ On Reasonable Accommodations under the Fair Housing Act," and "Joint Statement from HUD and DOJ on Reasonable Modifications under the Fair Housing Act."

### VI. MONETARY DAMAGES AND EQUITABLE RELIEF

23. Within thirty (30) days of the effective date of this Consent Decree, Defendants shall pay the sum of Eight Thousand Five-Hundred dollars ($8,500) to K.B. The payment shall be made in a cashier's check payable to K.B. and hand delivered to the United States Attorney's Office for the District of New Hampshire, 53 Pleasant Street, 4th Floor, Concord, New Hampshire 03301. Defendants will be jointly and severally liable for making this payment.

24. As a prerequisite to receiving such payment, K.B. shall provide a release in a form previously negotiated. Counsel for the United States shall deliver the signed release form to counsel for Defendants concurrently with receipt of the payment referred to in the previous paragraph.

### VII. JURISDICTION, DURATION, MODIFICATION, AND REMEDIES

25. The parties stipulate, and the Court finds, that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

26. This Consent Decree is effective immediately upon its entry by the Court.

27. This Court shall retain jurisdiction over this action and the parties thereto for the duration of this Decree for the purpose of enforcing its terms. This Decree shall be in effect for a period of five (5) years from the date it is entered by the Court. The Defendants understand that the expiration of this Consent Decree does not terminate their obligation to comply with the Fair Housing Act.

28. Any time limits for performance imposed by this Decree may be extended by mutual written agreement of the parties. Any other modifications to the provisions of this Consent Decree must be approved by the Court.

29. Each party shall notify the other party of any dispute or difference regarding interpretation and compliance with this Decree, whether willful or otherwise, and shall attempt to resolve such dispute informally. However, in the event of a failure by Defendants to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, Plaintiff may move this Court to impose any remedy authorized by law or equity, including but not limited to an order requiring performance of such act or deeming such act to have been performed, as well as an award of damages, costs

and reasonable attorney's fees occasioned by the violation or failure to perform.

30.  All parties shall be responsible for their own attorney's fees and costs, except as otherwise provided in this Decree.

31.  The parties agree that as of the effective date of this Consent Order, litigation is not reasonably foreseeable concerning the matters described in the United States' Complaint. To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in the Complaint, they are no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any of the parties of any other obligations imposed by this Consent Order.

RESPECTFULLY SUBMITTED,

The Plaintiff,

United States for America,

|  |  |
|---|---|
|  | MERRICK GARLAND<br>Attorney General |
| JANE E. YOUNG<br>United States Attorney | KRISTEN CLARKE<br>Assistant Attorney General Civil Rights Division |
|  | CARRIE PAGNUCCO<br>Chief Housing and Civil Enforcement Section |
| /s/ Matthew Vicinanzo<br>MATTHEW VICINANZO<br>Assistant United States Attorney<br>NH Bar ID No. 277123<br>53 Pleasant Street, 4th Floor<br>Concord, NH  03301 | /s/ Mazen Basrawi<br>MEGAN K. WHYTE DE VASQUEZ<br>Deputy Chief<br>MAZEN BASRAWI<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice |

4 Constitution Square
150 M St., NE, Suite 800
Washington, D.C. 20530
Tel: (202) 598-5137
Mazen.basrawi@usdoj.gov

Dated:   December 13, 2024

The Defendants,

TRACY STAPULA and MARC MORIN,

By their Attorney,

/s/  Sabin R. Maxwell
Sabin R. Maxwell, NH Bar ID No. 18599
Bouchard, Kleinman & Wright, P.A. 799 Mammoth Road
Manchester, NH 03104
Tel: (603) 623-7222
smaxwell@bkwlawyers.com

Dated:   December __, 2024

ADOPTED AND APPROVED BY:

Hon. Steven J. McAuliffe
United States District Judge

Dated:  12/16/2024

## ATTACHMENT A

## Assistance Animal
## Reasonable Accommodation Policy

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities. The owners and managers of this housing, and their employees, agents, and designees, are committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at any and all of our rental units.

Reasonable accommodations may include waiving or varying rules or policies to allow a resident with a disability to keep an "assistance animal." An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability or provides emotional support or other assistance that may be necessary to afford the person an equal opportunity to use and enjoy housing ("Assistance Animal"). The most common Assistance Animals are dogs, although other animals may qualify as assistance animals. Assistance Animals are not considered "pets" under our policies. We recognize the importance of Assistance Animals and are committed to ensuring that our tenants with Assistance Animals – whether owners, occupants, or renters – may keep them in their units.

If an applicant or resident with a disability requests a reasonable accommodation for an Assistance Animal, we will determine whether the animal may be necessary to afford the resident an equal opportunity to enjoy living at the applicable property. In some cases, both the disability and the necessity for the Assistance Animal are obvious – for example, a dog guiding an individual who is blind or has low vision, or a dog pulling the wheelchair of a person with a mobility disability. If this is the case, no further inquiry will be made, and we will grant the resident the accommodation unless the presence of the animal (1) imposes an undue financial and administrative burden; (2) fundamentally alters the nature of our operations; or (3) would pose a direct threat to the health and safety of other people.

In the case of an applicant or resident who requests a reasonable accommodation for an Assistance Animal and the disability of the applicant or resident and/or the necessity for the Assistance Animal is not obvious, we may require a written verification from a Health or Social Service Professional[2] indicating that the applicant has a disability[3] and the presence of the animal

---

[2] "Health or Social Service Professional" means a person who provides medical care, therapy or counseling to persons with disabilities, including, but not limited to, doctors, physician assistants, psychiatrists, psychologists, or social workers. The Health or Social Service Professional should have personal knowledge of their patient/client – i.e., the knowledge used to diagnose, advise, counsel, treat, or provide health care or other disability-related services to their patient/client.

[3] Under fair housing laws, a person with a disability is defined as a person who has a physical or mental impairment that substantially limits one or more major life activities, is regarded as having such an impairment, or has a record of such an impairment.

may be necessary to provide the applicant or resident an equal opportunity to use and enjoy his/her apartment. In the event that an applicant or resident requests a reasonable accommodation to own more than one assistance animal, our company may ask in the verification if there is a separate disability, or separate disability related need to own more than one assistance animal for the same requesting individual.

    We will not require:

    i.    That the Assistance Animal have any special training or certification;

    ii.    That the Assistance Animal be subject to breed or age restrictions;

    iii.    That the Assistance Animal be required to wear a vest or other insignia that identifies it as an Assistance Animal; or

    iv.    That the resident pay any fee, deposit, or other charge for keeping the animal, or obtain insurance as a condition of keeping the animal.

If we seek verification of a tenant's disability and the need for an Assistance Animal, we will not:

    i.    Request whether a Health or Social Service Professional would be willing to testify in a court proceeding regarding the request for accommodation;

    ii.    Require the Health or Social Service Professional to provide a curriculum vitae; or

    iii.    Require an interview with the Health or Social Service Professional.

    In processing requests for Assistance Animals, we will take reasonable measures to protect the confidentiality of any information or documentation disclosed in connection with the requests. Such measures may include limiting access to such information to persons specifically designated to deal with requests for reasonable accommodations, who will disclose information only to the extent necessary to determine whether to grant the request, and keeping all written requests and accompanying documentation in a secure area, including the tenant file, if tenant files are kept in a secure area to which only those designated persons have access, except as otherwise required by law. We may keep in our computer records or other reports information that an animal has been approved for the household.

    A person with a disability may request a reasonable accommodation orally, but we may ask the person with the disability to complete or assist in completing a "Form to Request An Assistance Animal" (attached to this Policy). We will evaluate the requested accommodation

regardless of whether the person completes the written form, but the person must cooperate in providing all information needed to complete the form.

If the applicant requires assistance in completing the form, the Property Manager, leasing agent, or his or her designee will provide assistance or will fill out the form based on an oral request. We are using the form to record reasonable accommodation requests so that we can obtain only the information necessary to make a reasonable accommodation decision and not to obtain confidential information that we do not need to make a reasonable accommodation decision.

Once we receive the request for an assistance animal and, if applicable, additional verifying information, we will provide a response within fourteen days. If a request is denied, an explanation for the denial will be included in the written notification of denial. If a person with a disability believes that a request has been denied unlawfully or that the response is delayed unreasonably, he or she may file a complaint with:

U.S. Department of Housing and Urban Development
Office of Fair Housing and Equal Opportunity
451 Seventh Street, SW
Washington, DC  20410
(800) 669-9777
http://portal.hud.gov/hudportal/HUD?src=/program_offices/fair_housing_equal_opp/online-complaint

## FORM TO REQUEST AN ASSISTANCE ANIMAL

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities. We and our employees, agents, and designees are committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at any and all of our rental units.

Under fair housing laws, a person is entitled to a reasonable accommodation if he or she has a disability that is defined as a physical or mental impairment that substantially limits one or more major life activities. The person also must show that he or she may need the accommodation because of the disability. Reasonable accommodations may include waiving or varying rules or policies to allow a resident to keep an assistance animal. An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability or provides emotional support or other assistance that may be necessary to afford the person an equal opportunity to use and enjoy housing ("Assistance Animal").

If you or someone associated with you has a disability and you believe that there is a need for an Assistance Animal as a reasonable accommodation for the person with a disability to use and enjoy a dwelling unit at our property, please complete this form and return it to us. Please check all items that apply and answer all questions in Part 1 of this Form. If you have a disability that is obvious, and the need to own an assistance animal is obvious (such as a seeing eye dog), we will approve the request without seeking third-party verification.

If the disability is not obvious, or the need for an assistance animal is not obvious, we will ask that you complete Part 2 of this form identifying a health care or social service professional ("Provider") that has provided health care, therapy, or counseling to the applicant with a disability or resident seeking accommodation so that we may seek third-party verification. To ensure that this verification comes from the Provider and has not been altered or changed, Part 2 also asks for the name and address or fax number of the Provider and requests your consent to allow the Provider to answer certain questions regarding your animal request. If applicable, we will mail or fax the request to the Provider within three days of receiving this form and your consent in Part B. In most cases we will be able to respond to this request in writing within 14 days of receiving the request for an assistance animal and, if applicable, the verification from the Provider. Completion of the form by a Provider is not required for approval; the Provider may provide the information requested in another format. All information provided to us in connection with this request will be kept confidential, except as otherwise required by law. If you require assistance in completing this form, please call the management office at [telephone number] for assistance or to make an oral request for a reasonable accommodation.

PART 1: QUESTIONS FOR REQUESTOR

1. Do you require assistance filling out this form?

   ☐ Yes   ☐ No

If your answer is "Yes," and you do not have someone who can assist you, please ask [name and phone number] to assist you in filling out this form.

If your answer is "No," continue on to Question No. 2.

2. Today's Date: _____

3. I am (please check one):

____ **The person who has a disability and is requesting an Assistance Animal**.  If so, continue to Question 4.

____ **A person making a request on behalf of or assisting the person with a disability** who needs an Assistance Animal.  Please fill out the information below:

   Name of person filling out form: _____

   Address: _____

   Telephone number: _____

   Relationship to person needing Assistance Animal: _____

4. Name of person with a disability for whom a reasonable accommodation is being requested:

_____

Phone number: _____

Address: _____

5. Identify the species of animal for which you are making a reasonable accommodation request, e.g., "dog," "cat":

_____

6. Provide the name and physical description (size, color, weight, any tag and/or license) of the animal for which you are making a reasonable accommodation request:

_____

_____


_____  _____
Signature of person making request         Date

_____  _____
Signature of person with disability        Date

_____
Name of minor with a disability (if applicable)

Applicant Name:_____

## PART 2: CONSENT AND RELEASE FOR INFORMATION

The person named above as a person with a disability, and signing below, is an applicant or resident, or is the adult guardian of a minor child household member of an applicant/resident at:

[name of property; address and contact information of property]

By my signature below, my health care or social service professional is authorized to provide the information requested on the next page of this form about me, or about the minor child.

_____
Print Name                                                                  Date

If information is requested for a minor, print minor's name below

_____
Minor's Name                                                                Date

_____
Name of Provider

_____
Address for Health or Social Service Professional

_____
Fax number for Health or Social Service Professional

_____
Signature of applicant, resident, or adult guardian

PART 3: THIRD PARTY VERIFICATION

*TO BE COMPLETED BY THE PHYSICIAN, PSYCHIATRIST, OR OTHER HEALTH OR SOCIAL SERVICE PROFESSIONAL:*

1.      Please provide a statement verifying that the person has an impairment that substantially limits one or more of the person's major life activities.

_____
_____
_____

2.      Please state whether the animal is necessary for the person to have an equal opportunity to use and enjoy housing or alleviate one or more of the effects of the person's disability. If so, please explain how it helps.

_____
_____
_____
_____

3.      Please state the date your professional relationship, treatment or services to the requester began.  _____


Name: _____

Title: _____

Address: _____

Telephone: _____

_____          _____
Signature                                  Date


*TO BE COMPLETED BY MANAGEMENT:*

Form accepted by: _____

_____          _____
Signature                                  Date

18

## ATTACHMENT B

## RECEIPT OF CONSENT ORDER

I, _____, certify that I have received a copy of the Consent Order resolving the claims in the case *United States v. Tracy Stapula and Marc Morin* (D.N.H.), filed in the United States District Court for the District of New Hampshire. I have read and understand the Consent Order and its attachments and had an opportunity to have my questions about the Consent Order answered. I will perform my duties in accordance with this Consent Decree and the Fair Housing Act.

_____
Signature

_____
Printed name

_____
Date